UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMMA ROY BREEDING,

    Plaintiff,                      Hon. Paul L. Maloney

v.                                     Case No. 1:07 CV 971

NANCY LANGE, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Dkt. #81). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

**BACKGROUND**

Plaintiff initiated this action on September 27, 2007, against numerous entities and individuals, including Correctional Medical Services (CMS), Dr. Raymond Gelabert, and Margaret Ouellette. Plaintiff alleges that he was denied appropriate medical treatment in violation of his Eighth Amendment rights. Plaintiff seeks more than $159,000,000 (one hundred fifty-nine million dollars) in damages. Plaintiff now moves for the entry of default and a default judgment against Defendants CMS, Gelabert, and Ouellette.

Plaintiff asserts that he is entitled to relief under Federal Rule of Civil Procedure 55 because Defendants "deliberately" inserted typographical errors in their motion for summary judgment. Plaintiff asserts that "[t]hese errors were designed to create confusion with the Court and in plaintiff's

mind." Rule 55 provides that the entry of default is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Plaintiff has not alleged that Defendants have "failed to plead or otherwise defend" against his claims. A review of the docket sheet reveals that Defendants have timely responded to Plaintiff's complaint and are actively defending against his claims. Thus, Plaintiff is not entitled to the entry of default. Because Plaintiff is not entitled to the entry of default, he is likewise not entitled to the entry of a default judgment. *See Garrett v. Seymour*, 217 Fed. Appx. 835, 838 (10th Cir., Feb. 23, 2007) (recognizing that entry of a default under Rule 55(a) is a prerequisite to the entry of a default judgment under Rule 55(b)).

## CONCLUSION

For the reasons articulated herein, the Court recommends that Plaintiff's Motion for Default Judgment, (dkt. #81), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 16, 2009   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge