UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMMA ROY BREEDING,
        Plaintiff,

                No. 1:07-cv-971

-v-

                HONORABLE PAUL L. MALONEY

NANCY LANGE, et al.,
        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Breeding, a prisoner under the control of the Michigan Department of Corrections, filed a motion (Dkt. No. 81) for default judgment under Rule 55 of the Federal Rules of Civil Procedure against Defendants Gelabert, Ouellette and CMS, Inc. Plaintiff asserts the various errors and deficiencies in Defendants' submissions to the Court are wilful and inexcusable, are an attempt to mislead, and constitute a failure to litigate in good faith. Plaintiff argues default judgment is a proper sanction for failing to participate in litigation in good faith, citing *Harmon v. Korbin*, 242 B.R. 183, 188 (E.D. Cal. 1999).

In the report and recommendation (Dkt. No. 92), the Magistrate Judge recommends denying the motion because Plaintiff neither alleges or establishes that Defendants failed to plead or otherwise defend, as required by Rule 55(a). Plaintiff's objection describes many of the alleged deficiencies in Defendants' submissions to the Court and reasserts that Defendant has not litigated in good faith.

After being served with a report and recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed.

28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

Plaintiff is not entitled to entry or default or default judgment under Rule 55 of the Federal Rules of Civil Procedure. The Magistrate Judge correctly described the requirements for entry of default and default judgment. Plaintiff's reliance on *Harmon v. Korbin*, is misplaced. In *Harmon*, the court references a default judgment entered in state court in California against one of the parties. The opinion does not support the conclusion that Rule 55 of the Federal Rules of Civil Procedure may be used as a sanction for failing to litigate in good faith.

Therefore, **IT IS ORDERED**

1. The Report and Recommendation (Dkt. No. 92) is **ADOPTED OVER OBJECTIONS** as this Court's opinion.

2. Plaintiff's motion (Dkt. No. 81) for default judgment is **DENIED.**


Date:   July 31, 2009                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge