UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMMA ROY BREEDING,
   Plaintiff,

No. 1:07-cv-971

-v-

HONORABLE PAUL L. MALONEY

NANCY LANGE, ET AL.,
   Defendants.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
OVER OBJECTIONS

   This matter comes before the Court on a report and recommendation (Dkt. No. 59) issued by the magistrate judge. Plaintiff Breeding, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint against eleven defendants. Plaintiff's claims arise from the health care and treatment he received in prison. The complaint was automatically referred to the magistrate judge. The report and recommendation covers three motions. Defendant Dr. Frank Olney filed a motion (Dkt. No. 26) to dismiss based on the applicable statute of limitations. Plaintiff Breeding filed a motion (Dkt. No. 31) to voluntarily dismiss Defendant Olney. Defendants MDOC, James Armstrong, Nancy Lange, Dr. Douglas Parkhurst, Mary Ann Schorfhaar, and Steven Winchester filed a motion (Dkt. No. 47) for summary judgment. Defendant Olney filed a response (Dkt. No. 41) to Plaintiff's motion to dismiss. Plaintiff filed a response (Dkt. No. 54) to the motion for summary judgment. The magistrate judge recommends granting Defendants' motions and denying Plaintiff's motion. Plaintiff filed objections (Dkt. No. 67) to the report and recommendation.

ANALYSIS

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

    A. Defendant Olney's motion to dismiss (Dkt. No. 26)

The magistrate judge recommends granting Defendant Olney's motion, finding Plaintiff's claims against Defendant Olney are not timely under the applicable statute of limitation. Plaintiff argues, after his first case against Defendant Olney was dismissed without prejudice, he had two years to correct the errors.

The magistrate judge correctly outlines the applicable law and the reasoning in the report is sound. The report and recommendation on this claim is adopted as the opinion of this Court. The statute

of limitation expired on Plaintiff's claims against Defendant Olney before Plaintiff filed this complaint. Because Defendant Olney was never served with Plaintiff's earlier complaint, the filing of the earlier complaint did not toll the statute of limitation. *See* M.C.L. § 600.5856(a); *Napier v. Hawthorn Books, Inc.*, 449 F.Supp.2d 576, 578-579 (E.D. Mich. 1978).

B. Plaintiff's motion to dismiss Defendant Olney (Dkt. No. 31)

The magistrate judge recommends denying Plaintiff's motion. Plaintiff reiterates his desire to dismiss Defendant Olney, clarifying that the dismissal would be with prejudice.

The magistrate judge correctly outlines the applicable law and the reasoning in the report is sound. The report and recommendation on this claim is adopted as the opinion of this Court. In addition, this Court notes Plaintiff was not entitled to dismiss the action against Defendant Olney, absent a court order. *See* FED. R. CIV. P. 41(a). In light of resolution of Defendant Olney's motion, Plaintiff's motion is moot and granting the motion would not be proper.

C. Defendants' motion for summary judgment (Dkt. No. 47)

The magistrate judge recommends granting Defendants' motion. The report and recommendation discusses the reasons for granting the motion for each defendant. Plaintiff offers objections to each. The magistrate judge correctly outlines the applicable law and the reasoning in the report and recommendation is sound. The report and recommendation is adopted as the opinion of this Court.

1. MDOC

As explained by the magistrate judge, the MDOC is not a "person" under 42 U.S.C. § 1983 and is immune from money suits under the Eleventh Amendment. Plaintiff did not address this argument in his response to Defendants' motion. In his objection, Plaintiff asserts the MDOC can lose immunity when it is aware of the harm Correctional Medical Service (CMS), the company hired to provide medical services, does to inmates. Defendant MDOC has established it is immune from suit and Plaintiff has not

3

provided any legal authority establishing the MDOC, as an agency of the State of Michigan, may be sued under section 1983.

2. Defendants Nancy Lange and Dr. Donald Parkhurst

The magistrate judge concludes Defendants Lange and Parkhurst are entitled to summary judgment on the basis of *res judicata*. In both his response to the motion and in his objection to the report, Plaintiff outlines the underlying basis for his claims against these two defendants. Plaintiff does not address the issue of *res judicata*. Defendants have established the claims against them in the earlier suit were dismissed on the merits, specifically, for failure to state a claim upon which relief may be granted. Plaintiff has not provided any legal or factual basis which might create a genuine issue of material fact on this issue.

3. Defendants Jim Armstrong and Steven Winchester

The magistrate judge concludes Plaintiff failed to identify a claim against these individuals upon which relief may be granted because denial of a grievance cannot give rise to a claim under section 1983. Plaintiff attempts to distinguish Defendants' actions from a mere denial of a grievance. Plaintiff's distinctions are not distinctions with a difference. As outlined in the report and recommendation, whether the defendant delayed ruling on a grievance (Winchester) or was the individual ruling on Step III of the grievance procedure (Armstrong), the actions taken do not give rise to a constitutional claim.

4. Defendant Mary Ann Schorfhaar

The magistrate judge found Defendant Schorfhaar's conduct was more than a simple administrative denial of a grievance. Analyzing Plaintiff's claim against this defendant, the magistrate judge concluded Plaintiff could not establish the objective prong of the test under the Eighth Amendment for deliberate indifference to an inmate's serious medical needs. More specifically, the magistrate judge found Plaintiff had not established he was subjected to a substantial risk of serious harm as a result of

4

Defendant Schorfhaar's actions. Defendants do not object to the magistrate judge's conclusion. In his objection, Plaintiff addresses the subjective prong of the test, whether Defendant Schorfhaar was aware of his condition. On the objective prong, Plaintiff simply asserts "[w]hen you add in the latest test results, it is obvious that the Plaintiff definitely needs correction of his knees" and references two medical reports. (Objection at 12-13 and Exhibit O.) By phrasing his objection in this manner, Plaintiff acknowledges he must establish both prongs of the test for deliberate indifference to his serious medical needs.

Defendant Schorfhaar is entitled to summary judgment on Plaintiff's claim against her. Plaintiff has not established a genuine issue of material fact on the objective prong of his claim for deliberate indifference. In his complaint, Plaintiff discusses several letters he wrote to this defendant. (Compl. ¶¶ 188, 190, and 191.) Plaintiff attaches the letters to Defendant Schorfhaar to his objection. (Obj. Exhibit N.) Taken together, the complaint, the letters to Defendant Schorfhaar and the medical records attached as Exhibit O to Plaintiff's documentary evidence does not show Plaintiff was subjected to a substantial risk of serious harm as the result of Defendant Schorfhaar's refusal to allow Plaintiff to be examined by an orthopedic surgeon. If anything, the objective medical evidence submitted by Plaintiff establishes the opposite. Plaintiff submits medical reports from two doctors who examined him after Defendant wrote the letters to Defendant Schorfhaar. Dr. Ikram examined Plaintiff in April 2008 and wrote "Mr. Breeding at this point appears to be doing very well." (Plaintiff's Resp. Exhibit G.) Dr. Ikram assessed Mr. Breeding as having "DJD of patella" and "possible loosening of tibial prosthesis." (*Id.*) A cat-scan was performed in June 2008 and found "no evidence of prosthetic loosening or acute osseous fracture of the left knee." (Exhibit O.) A bone scan showed some loosening of the right knee prosthesis, and the activity within the left knee was within normal limits. (*Id.*)

## CONCLUSION

The magistrate judge correctly outlined the applicable law on each of the motions addressed. The recommendations provided in the report are supported by the application of the facts to the law. Having reviewed the report and recommendation, Plaintiff's objections, and the underlying motions and responses, the Defendants' two motions should be GRANTED and Plaintiff's motion should be DENIED.

ORDER

**IT IS HEREBY ORDERED:**

1. For the reasons provided in the above opinion, the report and recommendation (Dkt. No. 59) is **ADOPTED OVER OBJECTIONS** as the opinion of this Court.

2. Defendant Olney's motion (Dkt. No. 26) is **GRANTED.** Defendant Olney is **DISMISSED WITH PREJUDICE.**

3. Plaintiff's motion (Dkt. No. 31) to dismiss Defendant Olney is **DENIED AS MOOT.**

4. Defendants' motion (Dkt. No. 47) for summary judgment is **GRANTED.** Defendants MDOC, Nancy Lange, Dr. Donald Parkhurst, Steven Winchester, Jim Armstrong, and Mary Ann Schorfhaar are **DISMISSED.**

Date:   September 3, 2009                         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge