UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMMA ROY BREEDING,
              Plaintiff,

                                                    No. 1:07-cv-971

-v-
                                                    HONORABLE PAUL L. MALONEY

NANCY LANGE, ET AL.,
              Defendants.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
OVER OBJECTIONS

This matter comes before the Court on a report and recommendation (Dkt. No. 100) issued by the

magistrate judge.  Plaintiff Breeding, a prisoner under the control of the Michigan Department of

Corrections (MDOC), filed a complaint against eleven defendants.  Plaintiff's claims arise from the health

care and treatment he received in prison.  The complaint was automatically referred to the magistrate

judge.  Seven defendants have been dismissed.[1]  One defendant has never been served with a copy of the

complaint.[2]  Defendants Correctional Medical Services (CMS), Dr. Raymond Gelabert, and Margaret

Ouellette filed a motion (Dkt. No. 77) for summary judgment.  Plaintiff filed a response.  (Dkt. No. 85.)

Defendants filed a reply.  (Dkt. No. 86.)  The magistrate judge issued this report recommending the

motion be granted and the action against all three defendants be dismissed.  Plaintiff filed objections.

(Dkt. No. 108.)

ANALYSIS

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party

has ten days to file written objections to the proposed findings and recommendations.  28 U.S.C. §

---

[1]Defendants Armstrong, Lange, Olney, Parkhurst, Schorfhaar, Winchester, and the  Michigan
Department of Corrections have been dismissed from the action.

[2]Defendant Jacklyn Jackson has not been served.

636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

A. Defendant CMS

The magistrate judge concludes Defendant CMS should be dismissed because Plaintiff has failed to allege that his injuries resulted from any CMS policy, practice or custom. Plaintiff has not specifically identified the policy, practice or custom which allegedly cause his injuries. Plaintiff faults Defendants for failing to produce any such written policies during discovery. Plaintiff argues Defendant CMS is liable for "not following recommended treatment ordered (mandatory) by the specialist they hired." (Obj. at 9.)

The magistrate judge correctly outlines the applicable law and the reasoning in the report is sound. The report and recommendation on this claim is adopted as the opinion of this Court. Defendant CMS cannot be held liable under 42 U.S.C § 1983 for the actions of its employees. Plaintiff's argument attempts to hold Defendant CMS responsible on the basis of the decisions of its employees. Therefore,

Defendant CMS is entitled to summary judgment on Plaintiff's claims against it.

B. Defendant Dr. Raymond Gelabert

The magistrate judge concludes Defendant Gelabert should be dismissed because Plaintiff has not established the treatment he received from Defendant Gelabert constitutes a violation of the Eighth Amendment. More specifically, Plaintiff was not offered sufficient documentary evidence to undermine the documentary evidence offered Defendant Gelabert on the claim. In his objection, Plaintiff reiterates the allegations in his complaint and points to a grievance he filed against Defendant Gelabert. Plaintiff alleges that Defendant Gelabert knew something was wrong and that something needed to be done to Plaintiff's knee. Plaintiff believes his allegation is supported by an x-ray and by statements made by Defendant.

The magistrate judge correctly outlines the applicable law and the reasoning in the report is sound. The report and recommendation on this claim is adopted as the opinion of this Court. The evidence in the record demonstrates Defendant Gelabert treated Plaintiff's knee problems. At best, Plaintiff and Defendant Gelabert differ with respect to the appropriate course of treatment. Plaintiff's opinion notwithstanding, such facts do not give rise to a constitutional claim for deliberate indifference to serious medical needs under the Eighth Amendment. On this basis, Defendant Gelabert is entitled to summary judgment on Plaintiff's claims against him.

C. Defendant Margaret Ouellette

The magistrate judge concludes Defendant Ouellette should be dismissed for the same reason Defendant Gelabert should be dismissed. In his objection, Plaintiff disagrees with several statements in Defendant Ouellette's affidavit. Plaintiff also complains Defendant Ouellette did not discuss with him the possible side effects of a pain medication.

The magistrate judge's reasoning in the report is sound. The report and recommendation on this

claim is adopted as the opinion of this Court. The evidence in the record demonstrates Defendant Ouellette, within her authority, treated Plaintiff's knee problems. Plaintiff assertion that she should have done more or something different does not give rise to a constitutional claim for deliberate indifference to serious medical needs under the Eighth Amendment. On this basis, Defendant Ouellette is entitled to summary judgment on Plaintiff's claims against her.

## CONCLUSION

The magistrate judge correctly outlined the applicable law on each of the claims raised. The recommendations provided in the report are supported by the application of the facts to the law. Having reviewed the report and recommendation, Plaintiff's objections, and the underlying briefs, the Defendants' motion should be GRANTED.

## ORDER

**IT IS HEREBY ORDERED:**

1.  The report and recommendation (Dkt. No. 100) is **ADOPTED OVER OBJECTIONS** as the opinion of this Court.

2.  Defendants' motion (Dkt. No. 77) is **GRANTED.** Defendant CMS, Defendant Gelabert and Defendant Ouellette are **DISMISSED WITH PREJUDICE.**

Date:   September 4, 2009                    /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            Chief United States District Judge